## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUOODA IVY** *an adult individual*, | ) ) |
| **Plaintiff,** | ) |
| | ) **2:10-cv-1641** |
| v | ) |
| | ) |
| **VERIZON PENNSYLVANIA, INC.** *a Pennsylvania corporation*, **KIMBERLY ONESKO** *an adult individual*, **DEANNA WYETH** *an adult individual,* **SUSAN NELSON** *an adult individual* and **MICHELLE BOTTI** *an adult individual* | ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are VERIZON PENNSYLVANIA INC.'S MOTION TO

DISMISS COUNT III OF AMENDED COMPLAINT (Document No. 18) and the

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED

COMPLAINT (Document No. 20).  Defendants have filed briefs in support of their motions,

Plaintiff Suooda Ivy ("Ivy") has filed briefs in opposition to the motions and Defendants have

filed reply briefs (Document Nos. 19, 21, 23-26).  In addition, Defendants have submitted copies

of the three charges of discrimination filed by Plaintiff, as well as copies of the corresponding

EEOC Determinations (i.e., "right to sue" letters).[1]  The motions are ripe for disposition.


Factual and Procedural Background

Ivy was employed by Verizon Pennsylvania, Inc. ("Verizon") as a sales consultant from

2001-2010.  On March 14, 2011, Plaintiff filed a four-count Amended Complaint.  In Count I,

---

[1] Both parties have cited to these documents and their authenticity is undisputed.  Accordingly, the Court may consider these documents without converting the motions to dismiss into motions for summary judgment. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196-97 (3d Cir. 1993).

Ivy alleges that Verizon and four Verizon employees, Kimberly Onesko, Deanna Wyeth, Susan

Nelson and Michelle Botti (collectively the "Individual Defendants"), discriminated against her

on the basis of race, in violation of Title VII.  Count II asserts a Title VII Retaliation claim.

Count III asserts a Disability Retaliation claim pursuant to the Americans With Disabilities Act

("ADA"), 42 U.S.C. § 12112.[2]  Finally, in Count IV, Ivy asserts parallel race, disability and

retaliation claims against all Defendants under the Pennsylvania Human Relations Act

("PHRA").

Ivy filed three separate discrimination charges against Verizon with the EEOC.  These

charges were cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  None

of the Individual Defendants was named as a Respondent.  On September 5, 2008, Ivy alleged

race and disability discrimination and Title VII retaliation at EEOC Charge No. 533-2008-01180.

On September 11, 2009, Ivy alleged retaliation under Title VII and the ADA at EEOC Charge

No. 533-2009-01251.  On July 5, 2010, Ivy alleged race and disability discrimination and

retaliation under both Title VII and the ADA at EEOC Charge No. 533-2010-00668.

On September 9, 2010, the EEOC issued Determinations in response to each charge.  The

2009 and 2010 Determinations notified Ivy that she had a right to sue "the Respondent" (i.e.,

Verizon) "strictly pertaining to the allegations that [s]he was discriminated and/or retaliated

against."  This language, on its face, appears broad.  However, the EEOC further explained that

it found that Ivy is a qualified individual with a disability, that Verizon had notice of Ivy's

---

[2] The Individual Defendants represent (without contradiction from Ivy) that Plaintiff has abandoned her Title VII and ADA claims against the Individual Defendants in Counts I-III, in recognition that there is no individual liability under those statutes.  The captions and "wherefore" clauses in Counts I-III of the Amended Complaint identify Verizon as the only Defendant.  However, the averments in those counts continue to assert that the Individual Defendants discriminated against Ivy.  To eliminate any potential confusion, Counts I-III will be dismissed as to the Individual Defendants for failure to state a valid claim. *See, e.g., N'Jai v. Floyd*, 386 Fed. Appx. 141 (3d Cir. 2010) (no individual liability under Title VII or ADA).

disability, and that Verizon discharged Ivy for leave taken related to her disability in accordance with Verizon's attendance policy. Each of the Determinations contained the following language:

> Based on the foregoing, I find that Respondent maintains an attendance policy that denies reasonable accommodation to, discriminates against, **and retaliates against** Charging Party and a class of individuals with disabilities, **in violation of the ADA**.

(Emphasis added). The Determinations further explained that when the EEOC finds that violations have occurred, "it attempts to eliminate the alleged unlawful practices by informal methods of conciliation" and that Ivy's claim would be "joined with current negotiations with Respondent involving cases like and related." The EEOC stated that if an acceptable settlement is not obtained, Ivy will be advised of court enforcement alternatives.

ADA Retaliation Claim Against Verizon

The parties dispute whether the EEOC "right to sue" letters authorize Plaintiff to pursue an ADA Retaliation claim in court. Ivy points to the "right to sue" language which authorizes her to pursue her allegations that she was "discriminated and/or retaliated against." Verizon contends that Ivy's "right to sue" is limited to the Title VII retaliation claim and seeks dismissal of Count III.[3]

The Court agrees with Verizon. The EEOC "right to sue" letters specifically state that, in the EEOC's opinion, Verizon maintains an attendance policy that "discriminates against, and retaliates against [Ivy] . . . in violation of the ADA." In other words, the EEOC has found that Verizon committed an ADA Retaliation violation. The "right to sue" letters further explain that the EEOC remains engaged in an effort to eliminate the unlawful practices, and that it will notify

---

[3] Verizon has not challenged the claims asserted against it in Counts I, II or IV of the Amended Complaint, and has already filed an Answer as to those claims.

Ivy if an acceptable settlement is not obtained. Thus, the EEOC administrative remedy has not yet been exhausted and the ADA Retaliation claim in this lawsuit is not yet ripe.

In accordance with the foregoing, VERIZON PENNSYLVANIA INC.'S MOTION TO DISMISS COUNT III OF AMENDED COMPLAINT (Document No. 18) will be **GRANTED**. Count III of the Amended Complaint will be **DISMISSED WITHOUT PREJUDICE** for Plaintiff to re-assert it upon exhaustion of the administrative process.

Claims Against Individual Defendants

The Individual Defendants contend that all claims against them must be dismissed for failure to exhaust administrative remedies because Ivy did not name them as Respondents in her EEOC charges. As noted above, there is no individual liability under Title VII or the ADA, and therefore, the focus of the parties' respective arguments is on Count IV (PHRA).

Ivy acknowledges that the Individual Defendants were not named as Respondents in her administrative charges, as is generally required. However, Plaintiff contends that she satisfies an exception which was recognized in *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 887-88 (3d Cir. 1980). In *Glus*, the United States Court of Appeals for the Third Circuit set forth four factors to determine whether a party not named in an EEOC charge can nonetheless be named as a party in a subsequent civil suit: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether

the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

The two purposes of requiring a party to be named in the administrative charge are: (1) to give that party notice of the allegations; and (2) to provide an opportunity for voluntary compliance to remedy the situation without resort to litigation. *Id*. at 888. The *Glus* Court cautioned that where full compliance with the administrative formalities can reasonably be expected, it will still be required. *Id*. The goal of informal conciliation must be balanced against the availability of access to the federal courts without undue procedural encumbrances "especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance." *Id*.

The Court concludes that Ivy has failed to exhaust her administrative remedies as to the Individual Defendants. Ivy's EEOC charges are entirely silent as to Defendant Botti. There is only one indirect reference to Nelson, in the 2008 charge, namely, that although Ivy was assigned to report to Nelson, "***other*** managers have intimidated me." (Emphasis added). The only reference to Wyeth is that Wyeth told Ivy in June 2008 that "she had handled the situation with Onesko, but that she could not tell [Ivy] what they had done, and that they couldn't do any more for [her]." These references do not put Nelson or Wyeth on notice that they had engaged in any allegedly discriminatory conduct.

Ivy's 2008 charge did make several references to allegedly discriminatory actions taken by Onesko in May 2008. Nevertheless, the elements of the *Glus* test have not been satisfied. Onesko was Ivy's immediate superior, so Ivy knew Onesko's role and could have named her as a Respondent. The interests in obtaining voluntary conciliation of Verizon (a large corporation which is apparently facing multiple similar claims) and Onesko (an individual) are not so similar

that it was unnecessary to include Onesko in the administrative process. Onesko was actually

prejudiced due to her absence from the administrative process because she has had no notice and

has been deprived of the opportunity to informally resolve the claims against her. Finally, there

is no evidence that Onesko represented to Ivy that she should be contacted only through Verizon.

In summary, the Court concludes that Ivy has not exhausted her administrative remedies

under the PHRA with respect to her claims against any of the Individual Defendants.

Accordingly, the INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S

AMENDED COMPLAINT (Document No. 20) will be **GRANTED** and the Individual

Defendants will be **DISMISSED** from the case. The caption will be amended to reflect that

Verizon is the sole remaining Defendant.


An appropriate Order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SUOODA IVY** *an adult individual*, | ) |
| | ) |
| Plaintiff, | ) |
| | )  **2:10-cv-1641** |
| v. | ) |
| | ) |
| **VERIZON PENNSYLVANIA, INC.** *a Pennsylvania corporation*, **KIMBERLY ONESKO** *an adult individual*, **DEANNA WYETH** *an adult individual,* **SUSAN NELSON** *an adult individual* and **MICHELLE BOTTI** *an adult individual* | ) ) ) ) ) ) ) |
| Defendants. | ) |

AND NOW, this 29th day of April, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that:

VERIZON PENNSYLVANIA INC.'S MOTION TO DISMISS COUNT III OF AMENDED COMPLAINT (Document No. 18) is **GRANTED** and Count III of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**; and

The INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Document No. 20) is **GRANTED** and the Individual Defendants are **DISMISSED** as parties.

The caption is hereby amended to reflect that Verizon is the sole Defendant, as follows:

| | |
|---|---|
| **SUOODA IVY** )<br>*an adult individual*, )<br>**Plaintiff**, )<br> )<br>**v.** )<br> )<br>**VERIZON PENNSYLVANIA, INC.** )<br>*a Pennsylvania corporation*, )<br> )<br>**Defendant.** ) | **2:10-cv-1641** |

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **John R. Orie , Jr., Esquire**
         Email: law@oriezivic.com

         **Catherine S. Ryan, Esquire**
         Email: cryan@reedsmith.com
         **Kimberly A. Craver, Esquire**
         Email: kcraver@reedsmith.com